UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KATHLEEN HOLBROOK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-1232 (VLB) |
| SMITH & HAWKEN, LTD., | : | |
|     Defendant. | : | October 11, 2007 |

## MEMORANDUM OF DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED AS COLLECTIVE ACTION [DOC. #18]

The plaintiff, Kathleen Holbrook, brings this action against the defendant, Smith & Hawken, Ltd. ("Smith & Hawken"), her former employer, alleging Smith & Hawken failed to compensate her for overtime worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §§ 31-58, et seq. Holbrook now moves the court: (1) to proceed as a collective action pursuant to section 216(b) of the FLSA; (2) to compel expedited disclosure of the names and last known addresses and telephone numbers of the potential class members and; (3) to authorize the issuance of a notice of pendency and opt-in form to all potential class members. For the reasons hereinafter set forth, the motion is GRANTED.

### I. Facts

Smith & Hawken is an international retailer, specializing in the sale of unique and hard-to-find gardening tools. [Doc. #18, Ex. 1-E] It owns and operates sixty stores in twenty–three states. [Doc. #21]

Holbrook worked in Smith & Hawken's Glastonbury, Connecticut, store from June 1, 2005 until August 21, 2006, as an assistant store manager ("ASM"). [Doc. #18]

Holbrook's duties were to "assist the Store Manager in leading daily operations to ensure optimal levels of customer service and productivity. [She] also share[d] responsibility for training and motivating employees and act as the Store Manager in his or her absence." [Doc. #18, Ex. 1-C] Smith & Hawken's corporate job description summarizes an ASM's role as "responsible for the financial, human resource, customer service, inventory and operational management of the store." [Doc. #18, Ex. 1-C] The description also lists certain specific job functions, such as ensuring company policies and procedures are followed in the store, maintaining a customer database, determining individual sales goals and monitoring training programs for the store's staff. [Doc. #18, Ex. 1-C]

Smith & Hawken admits that this description: 1) accurately describes the duties of an ASM; 2) has been in effect at all times between May 1, 2002 and the present; and 3) applies to all ASMs employed between May 1, 2002 and the present. [Doc. #18, Ex. 2]

Smith & Hawken classifies all ASMs as "exempt executives" under the FLSA ("exempt executives"), making them ineligible to collect overtime pay for work performed in excess of forty hours per week. Holbrook claims she often worked in excess of forty hours per week while employed by Smith & Hawken

2

and received no overtime pay.

On August 8, 2006, Holbrook initiated this action alleging ASMs do not qualify as exempt executives and that Smith & Hawken intentionally misclassified ASMs as exempt executives to avoid paying them overtime in violation of the FLSA and CMWA. [Doc. #1] She asserts three claims for relief based on the same set of underlying facts: 1) violation of the FLSA in her individual capacity; 2) violation of the CMWA in her individual capacity; and 3) violation of the FLSA on behalf of herself and a class of other similarly situated individuals. Holbrook aims to define the potential class in count three as Smith & Hawken employees who 1) held the position of ASM in the period from August 8, 2003 to the present, 2) worked more than forty hours in at least one week from August 8, 2003 to the present, and 3) were denied overtime pay for any time worked in excess of forty hours in a week.

On February 23, 2007, Holbrook filed the current motion pursuant to FLSA section 216(b) seeking to 1) proceed as a collective action under count three of the complaint, 2) compel expedited disclosure from Smith & Hawken of the names and last known addresses and telephone numbers of potential class members, and 3) authorize the sending of a notice of pendency and opt-in form to all potential class members. [Doc. #18]

## II. DISCUSSION

The FLSA provides that employees working more than forty hours in a single work week will receive overtime pay for all work performed in excess of

forty hours. See 29 U.S.C. § 207(a)(1). However, this general rule does not apply to employees classified by their employers as performing work in a bona fide executive, administrative, or professional capacity. See 29 U.S.C. § 213(a)(1).

FLSA section 216(b) enables employees to bring suit against employers individually and on the behalf of other "similarly situated" employees based on alleged violations of the FLSA. 29 U.S.C. § 216(b). Unlike a class certified pursuant to Federal Rule of Civil Procedure 23 where class members are bound by a judgment unless they "opt-out," members of a potential FLSA class must voluntarily "opt-in" to the suit to benefit from a judgment. Id.; see Neary v. Metro. Prop. & Cas. Ins. Co., 472 F. Supp. 2d 247, 250 (D. Conn. 2007).

"It is well settled that district courts have the discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b) of the FLSA." Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y.1997) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165 (1989). While the Second Circuit has yet to articulate the proper test for certification of an FLSA collective action, this court as well as other district courts within this circuit employ a two part inquiry. See Mike v. Safeco Ins. Co. of Am., 274 F. Supp. 2d 216, 219 n.6 (D. Conn. 2003); Damassia v. Duane Reade, Inc., No. 04 Civ. 8819 (GEL), 2006 U.S. Dist. Lexis 73090, at *8-9 (S.D.N.Y. Oct. 5, 2006).

> First, the court should allow plaintiff to proceed on a provisional basis upon a minimal evidentiary showing that plaintiff can meet the substantive requirements of

> 29 U.S.C. § 216(b); and, second, the court should render
> a final decision regarding the propriety of proceeding as
> a collective action with the benefit of all evidence
> gathered in discovery including any additional plaintiffs.

Mike, 274 F. Supp. 2d at 219 (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F. 3d 1208, 1219 (11th Cir. 2001)).  As this action is still in the preliminary stages of discovery, the court will only address the first, preliminary step of the inquiry.  See Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007) ("Plaintiff's motion here seeks only a first-step certification, and even though discovery is underway, it would be inappropriate at this time to attempt to make more than the first-step certification decision").

In the first phase of an FLSA class certification inquiry, the court decides only whether the potential class members are "similarly situated."  See 29 U.S.C. § 216(b); Mike, 274 F. Supp. 2d at 220.  "If a court finds that the proposed class members are 'similarly situated,' the court 'conditionally certifies' the class."  Scott v. Aetna Services, Inc., 210 F.R.D. 261, 264 (D. Conn. 2002) (citing Mooney v. Aramco Services Co., 54 F.3d 1207, 1213–14 (5th Cir. 1995)).  Thereafter, a notice of pendency is delivered to the potential class members, who then have the opportunity to "'opt–in' and the action proceeds as a representative action throughout discovery."  Id.

The plaintiff bears the burden of fulfilling the similarly situated standard and can do so "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan

5

that violated the law." Mike, 274 F. Supp. 2d at 220.  In order for a plaintiff to meet this modest, preliminary burden of proof, the district court need only "be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits in this case." Id.

"It is not necessary for a court to evaluate the merits of a plaintiff's claims in order to determine that a group of similarly situated persons exists." Cuzco, 477 F. Supp. 2d at 633; see also Scholtisek v. Eldre Corp., 229 F.R.D. 381, 391 (W.D.N.Y. 2005); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 105 (S.D.N.Y.2003); Hoffman, 982 F. Supp. at 262.  As long as a plaintiff asserts a plausible basis for her claim, the merits of that claim are irrelevant to the similarly situated inquiry at the conditional class certification phase.  See id.   A motion for FLSA class certification is separate and distinct from a motion to dismiss or motion for summary judgment on the merits.

Following substantial discovery, the defendant may file a motion to decertify the class if the discovered facts reveal the plaintiffs who have opted-into the class are not similarly situated.  See Scott, 210 F.R.D. at 264.  The court's consideration of the motion for decertification constitutes the second phase of the similarly situated inquiry.

In the present case, Holbrook contends that all ASMs maintained the same basic job responsibilities and were all classified as exempt executives under the FLSA, but that ASMs basic job responsibilities could not have qualified them as exempt executives under the statute.  Such commonality in position,

classification and treatment by Smith & Hawken constitutes a common scheme or plan that renders all ASMs similarly situated for FLSA purposes. Smith & Hawken admits that all ASMs were subject to the same job description and function and classified as exempt executives. Holbrook has met her burden and shown that all Smith & Hawken ASMs were similarly situated with regards to their classification as exempt executives under the FLSA and eligibility to collect overtime pay. The position of ASM was viewed in a common light by Smith & Hawken across the company, regardless of store location.

Smith & Hawken argues that no two stores can function in the same manner, and the sheer number of stores and store locations makes it impossible to classify all ASMs as similarly situated. This argument is unpersuasive given the moderate, initial nature of the court's inquiry to conditionally certify an FLSA class. The court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated. See Scott, 210 F.R.D. at 265 ("courts have held that it is appropriate to bring an FLSA exemption claim as a class action with regard to employees who perform similar, but not identical, duties, notwithstanding the highly fact-specific nature of the exemption inquiry"). The consistent manner in which Smith & Hawken classified its own ASMs is sufficient to carry Holbrook's burden, even in the presence of minute factual variances in treatment between store locations.

To effectuate the conditional class certification and notify prospective class members of their right to opt-in, courts often compel employers to disclose

7

the names and addresses of potential plaintiffs and authorize the sending of a notice of pendency. Damassia, 2006 U.S. Dist. Lexis 73090, at *7-8. This court will follow suit.

Based on the foregoing reasons, Holbrook's motion is GRANTED. This action shall progress as a class action through the discovery period. The class shall be defined as individuals employed as ASMs by Smith & Hawken within the three years preceding the date of this order who worked more than forty hours in any week. Smith & Hawken shall produce to Holbrook the names and last known addresses and telephone numbers of all potential class members.

The parties shall confer and provide the court with a joint proposed notice of pendency and opt-in form within ten days following issuance of this order. Upon court approval, Holbrook may then send each potential class member the notice of pendency and opt-in form.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: October 11, 2007.