UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN A. HOLBROOK, individually and on behalf of other similarly situated individuals<br>Plaintiffs, | Civil No. 3:06–CV–1232 (VLB) |
| v. | |
| SMITH & HAWKEN, LTD.<br>Defendant. | SEPTEMBER 12, 2008 |

## CORRECTED JOINT MOTION FOR FINAL APPROVAL OF STIPULATION OF SETTLEMENT

This action is brought by Plaintiff Kathleen A. Holbrook ("Plaintiff Holbrook"), on her own behalf and on behalf of all similarly situated individuals, as an "opt-in" collective action which asserts violations of the Connecticut Minimum Wage Act and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against Defendant Smith & Hawken, LTD ("Smith & Hawken").

Plaintiff Holbrook and Smith & Hawken hereby jointly request that the Court grant final approval of the Stipulation of Settlement agreed to by Plaintiff Holbrook and Smith & Hawken (collectively "the parties").

The grounds for this Joint Motion are the following:

1. On August 8, 2006, Plaintiff Holbrook, on behalf of herself and similarly situated individuals, filed the Complaint in this action. Plaintiff Holbrook asserted violations of the Connecticut Minimum Wage and the Fair Labor Standards Act based on Smith & Hawken's allegedly improper classification of her and similarly situated individuals as exempt. Plaintiff

Holbrook sought to represent such individuals in a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

2. Following the filing of her Complaint, the parties engaged in discovery and Plaintiff Holbrook moved the Court for an order certifying the proposed class. On or about October 11, 2007, the Court issued its Memorandum of Decision and granted Plaintiff Holbrook's motion to certify this matter as a collective action.

3. The parties subsequently engaged in settlement discussions. Following negotiations, the parties reached mutually satisfactory settlement terms. These terms were later finalized and memorialized in a Stipulation of Settlement, which the parties agree to execute upon final approval by this Court. The Stipulation of Settlement is attached to this Joint Motion as Exhibit A.

4. On July 23, 2008, the parties submitted their Joint Motion for Preliminary Approval of Stipulation of Settlement and Approval of Proposed Notice to Class Members. The Court granted the Joint Motion on July 24, 2008. On July 25, 2008, Plaintiff's counsel issued the Notice to Class Members as approved by the Court. The deadline for class members to object to the Stipulation of Settlement expired on August 25, 2008. To the best of counsels' knowledge, which counsel confirmed with the clerk's office, no objections were filed.

5. Both parties represent to the Court that the agreement embodied in the Stipulation of Settlement was reached through good-faith, arms-length negotiations. Both parties further represent that the agreement constitutes a fair and equitable compromise of the class claims in this matter. More specifically, the parties represent the following:

    A. The agreement provides that the class for purposes of 29 U.S.C. § 216(b), as defined by the Court in its Memorandum of Decision dated October 11, 2007,

includes the following: "[I]ndividuals employed as ASMs by Smith & Hawken within the three years preceding the date of this order who worked more than forty hours in any week." A list of the individual Plaintiffs who opted in to the class, along with the amount payable to each, is attached as Exhibit 1 to the accompanying Stipulation of Settlement.

B. The agreement provides that the Plaintiffs will receive a total payment of $82,500.00 (less applicable state and federal taxes) in settlement of their claims for back overtime and related damages. From the total payment, an incentive award in the amount of $5,000.00 (discussed below) will be paid to Kathleen Holbrook, and the remaining amount will be divided among the remaining Plaintiffs using a calculation that is approximately based on (a) the number of weeks within the applicable statute of limitations period that each Plaintiff worked, (b) the salary that each Plaintiff earned during that period, and (c) the estimated number of hours believed to have been worked by each Plaintiff per week during that period. Plaintiffs' counsel has determined the amount to be paid to each Plaintiff and has provided that information to counsel for Smith & Hawken. In the judgment of Plaintiffs' counsel, the sum of money to be allocated to each Plaintiff under this calculation will represent a reasonable compromise of each Plaintiff's claim in this litigation. There are no liquidated damages or interest being awarded hereunder.

C. The agreement provides that Plaintiffs' attorneys will receive, upon approval by the Court of their application, attorneys' fees and costs equal to $27,354.94. This amount consists of attorneys' fees of $25,000 and costs of $2,354.94. The parties

represent to the Court that this fee (which is included in the total settlement amount of $82,500.00) is reasonable in a case of this nature and that the amount of fees and costs is reasonable considering the efforts of Plaintiffs' counsel, their out-of-pocket expenses, the quality of their work, and the nature of the case. This award of fees and costs constitutes a compromise of the actual fees and costs incurred by Plaintiffs' counsel based upon the hourly rates of Plaintiffs' counsel and staff.

D. The agreement provides that Plaintiff Holbrook, as class representative, will receive an incentive payment of $5,000.00 (less applicable state and federal taxes), in addition to her share of the $82,500.00, as an incentive award for her efforts as class representative. The parties represent to the Court that a payment of this size to the class representative in a case of this nature is not unusual. They further represent that the payment to Plaintiff Holbrook is fair and equitable given Plaintiff Holbrook's contribution to the litigation.

E. The agreement further provides that, by entering into this settlement, Smith & Hawken makes no admission of liability and, in fact, continues to deny liability. The Stipulation of Settlement does not constitute, and is not deemed to constitute, an admission by Smith & Hawken of any wrongful action or violation of any federal, state, or local statute, regulation, or common law right.

6. A settlement reached in cases involving claims under the Fair Labor Standards Act must be approved either by the United States Department of Labor or the appropriate United States District Court.

7. Accordingly, the parties request that the Court grant final approval of the Stipulation of Settlement. In the Joint Motion for Preliminary Approval of Stipulation of Settlement and Approval of Proposed Notice to Class Members, the parties left it to the Court's discretion whether to hold a hearing prior to the Court's final approval of the Stipulation. Given the absence of any objections to the Stipulation, the parties do not request such a hearing, but leave it to the Court's discretion.

WHEREFORE, for the reasons set forth above, the parties jointly ask that this Court grant final approval of the Stipulation of Settlement reached by the parties.

| | |
|---|---|
| THE PLAINTIFF,<br>KATHLEEN A. HOLBROOK | THE DEFENDANT<br>SMITH & HAWKEN, LTD. |
| By    s/ Richard E. Haber<br>   Richard E. Hayber (ct11629)<br>   Hayber Law Firm LLC<br>   221 Main Street, Suite 400<br>   Hartford, CT 06106<br>   Tel: (860) 522-8888<br>   Fax: (860) 240-7945<br>   E-mail: rhayber@hayberlawfirm.com<br><br>   Anthony J. Pantuso, III (ct11638)<br>   The Pantuso Law Firm, LLC<br>   Employee Rights Advocates<br>   204 Broad Street, Second Floor<br>   Milford, CT 06460<br>   (203) 876-0000<br>   (203) 877-1839 (facsimile)<br>   E-mail: apantuso@pantusolaw.com | By    s/ William J. Anthony<br>   William J. Anthony (ct 17865)<br>   James F. Shea (ct 16750)<br>   Jackson Lewis LLP<br>   90 State House Square, 8th Floor<br>   Hartford, CT 06103<br>   Tel: (860) 522-0404<br>   Fax: (860) 247-1330<br>   E-mail: anthonyw@jacksonlewis.com<br>   E-mail: sheaj@jacksonlewis.com |

## CERTIFICATION

I hereby certify that on September 12, 2008, a copy of the foregoing Corrected Joint Motion for Final Approval of Stipulation of Settlement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*s/ William J. Anthony*
William J. Anthony

# EXHIBIT A

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN A. HOLBROOK, individually and on behalf of other similarly situated individuals<br>Plaintiffs, | Civil No. 3:06–CV–1232 (VLB) |
| v. | |
| SMITH & HAWKEN, LTD.<br>Defendant. | SEPTEMBER 12, 2008 |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement is made by and between the named Plaintiff, Kathleen A. Holbrook ("Plaintiff Holbrook"), on behalf of herself and the Settlement Class, ("Class"), her agents, heirs, beneficiaries, successors, assigns, executors, administrators, legal representatives, family members, and/or any other persons or entities with a direct interest in the lawsuit entitled Kathleen A. Holbrook v. Smith & Hawken, LTD., Civil Action No. 3:06CV1232(VLB), and Smith & Hawken, LTD. ("Smith & Hawken"), and its current or former parents, divisions, subsidiaries, partners, affiliates, successors, and assigns, as well as its and their current or former respective officers, directors, stockholders, employees, representatives, agents, insurers, reinsurers, and benefit plans.

This Stipulation of Settlement resolves all claims that are asserted, or that could have been asserted, by the Class against Smith & Hawken based on the facts alleged in Kathleen A. Holbrook v. Smith & Hawken, LTD., Civil Action No. 3:06CV1232(VLB) ("the Litigation").

## WITNESSETH

WHEREAS, claims were made by the Class, pursuant to 29 U.S.C § 201 et seq., for unpaid overtime wages against Smith & Hawken.

WHEREAS, the Class and Smith & Hawken wish to compromise and settle the disputes and claims each has with each other or against the other and to set forth in this Stipulation their mutual understanding and agreement with respect to their compromise and settlement.

WHEREAS, Plaintiff Holbrook, the Class, and Smith & Hawken wish to avoid the risk and expenses attendant to the litigation between and among them, without either admitting fault, liability or wrongdoing and to settle once and forever all rights, claims and demands which any has against any of the others which were asserted in the lawsuit.

NOW THEREFORE, for good and valuable consideration, the mutual covenants and promises contained in this Stipulation and other valuable consideration, as outlined herein, the receipt and sufficiency of which are hereby acknowledged, the parties, intending to be legally bound, agree as follows:

1. Definitions.

The terms "Agreement" or "Settlement Agreement" as used herein means this Stipulation of Settlement.

The term "District Court" or "Court" as used herein means the United States District Court for the District of Connecticut.

The term "Settlement Class" as used herein means Plaintiff Holbrook and each current and former employee of Smith & Hawken who filed a Consent to Join Action and opted in to the Litigation.

The term "Plaintiffs" means all members of the Settlement Class, including the named Plaintiff, Kathleen A. Holbrook.

The term "Litigation" as used herein means the collective action entitled <u>Kathleen A. Holbrook v. Smith & Hawken, LTD.</u>, Civil Action No. 3:06CV1232(VLB).

The term "Claims" shall mean all claims, demands, reckonings, actions, causes of action, suits, liabilities, judgments, liens, debts, expenses, damages or any other right or asserted right to the payment of money or to the performance of any obligation, whether absolute or contingent, due, disputed or undisputed, liquidated or unliquidated, known or unknown, express or implied, legal or equitable, including without limitation to attorneys' fees regarding wages, overtime wages or other compensation, for hours worked, including, but not limited to, claims or possible claims pursuant to 29 U.S.C § 201 et seq. and/or other similar state law claims.

The term "Person" shall mean any individual, partnership, corporation, joint venture, trust, limited liability company, unincorporated organization, or any governmental agency or political subdivision.

2. Settlement Terms.

In settlement of the Litigation, the Class and Smith & Hawken hereby agree that in consideration of the execution of this Stipulation and their undertakings herein, Smith & Hawken agrees to pay a gross amount not to exceed Eighty Two Thousand Five Hundred Dollars and Zero Cents ($82,500.00), which shall cover all attorneys' fees, costs, settlement payments, and

2

an enhancement to Plaintiff Holbrook to be paid pursuant to this Stipulation of Settlement. The gross settlement amount will be allocated as follows:

(a) The amount of $50,145.06, less applicable state and federal withholdings and taxes, shall be paid to the Class and allocated as set forth in the Notice to Class Members for claims for back wages and all other claims that have been raised, or could have been raised, by the Class based on the facts alleged in this lawsuit. A list of individual members of the Settlement Class is attached hereto as Exhibit 1. The payment to each Settlement Class member will be designated as payment for back wages. The payments will be made only after final approval of this Stipulation of Settlement by the Court and only to those individuals who satisfy the necessary conditions of settlement.

(b) Attorneys' fees and costs in the amount of $27,354.94 shall be paid to Attorney Richard E. Hayber. At the time that the parties submit their joint motion for Final Approval of Settlement, counsel shall apply to the District Court for approval of the award of all past and future attorneys' fees, costs, and expenses necessary to prosecute and administer this litigation and this settlement. Smith & Hawken shall not oppose said application. The "future" aspect of this amount includes, without limitation, all time expended by counsel in executing the Stipulation of Settlement and securing final approval thereof and in assisting in effectuating the terms of the Stipulation. Prior to Smith & Hawken making such payment, each attorney receiving a check from Smith & Hawken shall complete and issue to Smith & Hawken a W-9 form so that Smith & Hawken can issue a 1099 form in connection with the payment. Any other claims for fees or costs, including the cost of administration of the settlement will be the responsibility of counsel.

(c) An incentive payment in the amount of $5,000.00, less applicable state and federal withholdings and taxes, shall be paid to Plaintiff Holbrook as class representative in addition to her share of the $82,500.00.

Delivery of the sums of money herein identified to counsel for Plaintiffs shall constitute payment by Smith & Hawken of such amounts, receipt of which is acknowledged by Plaintiffs. Counsel for Plaintiffs are responsible for delivering payments to the Settlement Class members. Except as otherwise set forth in this Stipulation, payment of the amounts set forth herein shall be made by Smith & Hawken within 30 days of final approval of the Stipulation of Settlement by the Court. Plaintiff will distribute, at her own expense, the checks described above to the members of the Settlement Class who do not opt out of the settlement.

The settlement monies for each class member who opts out of this settlement shall revert to Smith & Hawken. Additionally, all settlement monies for each class member who cannot be located after a reasonable search shall revert to Smith & Hawken. Smith & Hawken will therefore only be responsible for payment of the pro-rata amount allocated to the individuals who did not opt out and who could be located.

3

Smith & Hawken may elect to withdraw from all payment and other obligations of this Stipulation if more than 25% of the Settlement Class who are successfully located and contacted opt-out within the time period set forth in the Notice to Class Members. Should Smith & Hawken elect to proceed with the settlement, Smith & Hawken will only be responsible for payment of the pro-rata amount allocated to the individuals who did not opt out. All signatories and their counsel must not encourage opt-outs. Counsel for the Settlement Class specifically agrees not to solicit opt-outs, directly or indirectly, through any means. In the event Smith & Hawken elects to withdraw from all payment and other obligations of this Stipulation pursuant to the terms above, no party may use the fact that the parties agreed to settle this case as evidence of Smith & Hawken's liability in this lawsuit or the lack thereof.

The amounts paid under this Stipulation do not represent a modification of any previously credited hours of service under any employee benefit plan, policy, or bonus program sponsored by Smith & Hawken. Such amounts will not form the basis for additional contributions to, benefits under, or any other monetary entitlement under, Smith & Hawken sponsored benefit plans, policies, or bonus programs. Any payments made under the terms of this Stipulation shall not be applied retroactively, currently, or on a going forward basis as salary, earnings, wages, or any other form of compensation for the purposes of any Smith & Hawken benefit plan, policy, or bonus program, including, but not limited to, any stock option plan, 401(k) plan, or Smith & Hawken vacation or leave policies. Smith & Hawken retains the right to modify the language of its benefit plans, policies, and bonus programs to effect this intent and to make clear that any amounts paid pursuant to this Stipulation are not for "hours worked," 'hours paid," "hours of service," or any similar measuring term as defined by applicable plans, policies, and bonus programs for purpose of eligibility, vesting, benefit accrual, or any other purpose, and that additional contributions or benefits are not required by this Stipulation.

    3.    <u>Dismissal</u>.

The parties agree that they will file jointly with the District Court a Motion for Final Approval of Settlement after the expiration of the objection period as provided in the Notice to Class Members. Plaintiff Holbrook further agrees that, upon final approval of the settlement by the District Court, she will withdraw with prejudice the pending lawsuit in the United States District Court for the District of Connecticut, <u>Kathleen A. Holbrook v. Smith & Hawken, LTD.</u>, by filing a Stipulation of Dismissal With Prejudice. In addition, Plaintiffs' counsel agrees not to represent any member of the Settlement Class who wishes to object to the settlement or to solicit or encourage any member of the Settlement Class to object. Plaintiffs' counsel and counsel for Smith & Hawken shall take all reasonable measures to obtain final approval of the settlement.

This Stipulation is contingent upon final approval of the Stipulation of Settlement by the District Court and the dismissal with prejudice of the pending Litigation. If the District Court rejects or modifies any provision of this Stipulation, then both sides will have the right, at their sole discretion, to declare the Stipulation void in its entirety.

4

4.  <u>Notice to the Class</u>.

Plaintiffs' counsel will, at its own expense, mail individual Notice to Class Members to each member of the Settlement Class via first-class regular U.S. mail using the most current mailing address information available to Plaintiffs' Counsel. The Notice will be jointly submitted by the parties for approval by the Court before mailing. The Notice will advise each member of the Settlement Class of the amount of money he or she will obtain pursuant to the Stipulation of Settlement. The Notice will advise Plaintiffs that they have the right to object to the Stipulation and will explain the procedure for doing so.

5.  <u>Release</u>.

Except as to the obligations set forth in this Stipulation, Plaintiff, on behalf of herself and all members of the Settlement Class hereby fully, forever, irrevocably, and unconditionally releases Smith & Hawken from any and all claims, charges, complaints, demands, actions, reckonings, causes of action, suits, rights, debts, sums of money, costs, accounts, covenants, contracts, agreements, promises, doings, missions, damages, executions, obligations, liabilities, and expenses (including attorneys' fees and costs), of any kind and nature that have been or could have been asserted by the class based on the facts alleged in the Litigation. This includes, but is not limited to, any and all claims under any federal, state or local statutory or common law for payment of unpaid wages and related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, for work as employees of Smith & Hawken based on the facts alleged in this litigation, including, but not limited to, claims under the Fair Labor Standards Act 29 U.S.C. § 201 <u>et seq</u>. and the wage and hour laws and regulations in every state within the United States.

This waiver and release specifically encompasses both known and unknown claims as described above. Accordingly, if the facts relating in any manner to this settlement are found hereafter to be other than or different from the facts now believed to be true, the release of claims contained herein shall remain effective.

Upon Final Approval, this waiver and release of claims shall be binding on Plaintiff Holbrook and all members of the Settlement Class, as well as each of their respective agents, heirs, beneficiaries, successors, assigns, executors, administrators, legal representatives, and family members. Further, this waiver and release of claims shall inure to the benefit of Smith & Hawken.

6.  <u>Costs</u>.

Except as herein provided, the parties shall be responsible for and bear such party's own costs in connection with the Litigation and the negotiation, preparation and execution of this Stipulation and any other instruments necessary executed in accordance with the terms of this Stipulation.

7. <u>Allocation of Taxes.</u>

Smith & Hawken will withhold applicable state and federal taxes from the payments to members of the Settlement Class as set forth in this Stipulation. Smith & Hawken will also issue an IRS Form W-2 to each of individual who receives a check. Other than the taxes withheld, each member of the Settlement Class shall be exclusively liable for the payment of all federal, state and local taxes, if any, which may be due. Each member of the Settlement Class shall be responsible for paying all taxes due as a result of any payment received from Smith & Hawken pursuant to this Stipulation. The parties understand and agree that Smith & Hawken shall file with any appropriate taxing authority all appropriate tax forms related to the payments made to members of the Settlement Class. Class members agree to indemnify and hold harmless Smith & Hawken from liability for taxes, penalties and interest due to any governmental or taxing authority as a result of payment of the consideration herein set forth.

8. <u>No Assignment.</u>

The parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

9. <u>No Admission of Liability.</u>

This Stipulation does not constitute an admission of the matters alleged in this Litigation by Smith & Hawken, its successors, assigns, subsidiaries, divisions, or affiliated corporations and companies. Nothing in this Stipulation, nor any action taken in implementation thereof, nor any statements, discussions or communications, nor any materials prepared, exchanged, issued, or used during the course of the negotiations leading to the Stipulation, is intended by the parties to, nor will any of the foregoing constitute, be introduced, be used, or be admissible in any way in this case or any other judicial, arbitral, administrative, investigative, or other forum or proceeding, as evidence of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, the Stipulation may be used in any proceeding in the District Court that has as its purpose the interpretation, implementation, or enforcement of the Stipulation or any orders or judgments of the District Court entered into in connection therewith.

9. <u>Successors and Assigns.</u>

This Stipulation shall be binding upon, inure to the benefit and be enforceable by and on behalf of the parties hereto and their respective successors, heirs, assigns and legal representatives.

10. <u>Modification.</u>

This Stipulation may not be modified or amended except by written agreement of the parties.

6

11. <u>Governing law</u>.

The claims in this matter were brought and settled pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq</u>. Enforcement of and procedural issues related to this Stipulation are governed by the laws of the state of Connecticut.

12. <u>Counterparts</u>.

This Stipulation may be executed in any number of counterparts and by different parties hereto in separate counterparts, with the same effect as if all parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together and shall constitute one and the same instrument.

13. <u>Entire Agreement</u>.

This Stipulation and all instruments and/or documents referred to herein contain the entire agreement of the parties in connection with the subject matter herein and supersede all other agreements, promises or instruments related to the subject matter of this case and this agreement. Prior agreements, promises, negotiations, statements or representations, either oral or written relating to the subject matter of this agreement are of no force or effect, unless expressly set for the herein.

13. <u>Right to Review and Understand This Agreement</u>.

The parties shall and have been given a reasonable opportunity to review and understand this Stipulation of Settlement. The rights, responsibilities, terms, conditions, and effects have been completely reviewed and understood. No promises or representations have been made to induce any party to submit or agree to the terms and conditions herein except as herein expressly set forth in this Stipulation. Each member of the Settlement Class has had the benefit of an attorney of his or her choosing in reviewing, understanding and accepting the terms and conditions of this Stipulation. Each member of the Settlement Class has been provided a "Notice to Class Members" outlining and detailing the right and procedure to object to this settlement and/or opt out of this case. It is agreed that because of the large number of Class Members, the "Notice to Class Members" will advise Class Members of the binding nature of the release and such shall have the same force and effect as if this Stipulation of Settlement were executed by each member of the Class.

7

IN WITNESS WHEREOF, the parties have agreed to the above and intend to be bound.

| PLAINTIFFS, | DEFENDANT, |
|---|---|
| KATHLEEN A. HOLBROOK, on behalf of herself and all Plaintiffs | SMITH & HAWKEN, LTD. |

/s/ Richard E. Haybr
Richard E. Hayber, Their Attorney
(ct11629)
Hayber Law Firm LLC
221 Main Street, Suite 400
Hartford, CT 06106
Tel: (860) 522-8888
Fax: (860) 240-7945
E-mail: rhayber@hayberlawfirm.com

Anthony J. Pantuso, III (ct11638)
The Pantuso Law Firm, LLC
Employee Rights Advocates
204 Broad Street, Second Floor
Milford, CT 06460
(203) 876-0000
(203) 877-1839 (facsimile)
E-mail: apantuso@pantusolaw.com

/s/ William J. Anthony
William J. Anthony (ct 17865)
James F. Shea (ct 16750)
Jackson Lewis LLP
90 State House Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404
Fax: (860) 247-1330
E-mail: anthonyw@jacksonlewis.com
E-mail: sheaj@jacksonlewis.com

8

# EXHIBIT 1

HOLBROOK

| Last Name | First Name | |
|---|---|---|
| Jung-Maisel-Macias | Tatiana | $6,004.34 |
| Berenty | Matthew | $1,197.43 |
| Blair | James | $1,496.44 |
| Ellis | Heather | $5,852.30 |
| Gaffney | Anachalee | $1,848.02 |
| Hermogeno | Mark | $119.22 |
| Holbrook | Kathleen | $4,853.10 |
| Kamei | Ami | $3,529.22 |
| Knuckles | Jamie | $400.74 |
| LeHeup | Lisa | $1,848.40 |
| Lochhead | Kathie | $2,456.17 |
| Lockwood | Daniel | $2,214.90 |
| Malenfant | Brenda | $3,561.28 |
| Nerliger | Cynthia | $2,061.33 |
| Nicholas | Kristy | $621.93 |
| Pascoe | Kathleen | $4,008.12 |
| Perretta | Shell | $119.22 |
| Sowers | Kimberlee | $2,343.60 |
| Temple | George | $5,609.30 |
| | | $50,145.06 |